UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | : | |
|---|---|---|
| LOCAL 38, SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, AFL-CIO, | : : : | 03 Civ. 7500 |
| Plaintiff, | : : | |
| v. | : : | MEMORANDUM DECISION AND ORDER |
| DUCT WORKS, INC., | : : : | |
| Defendant. | : : | |

---

STEPHEN C. ROBINSON, District Judge:

Local 38 has brought this action under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, to enforce arbitration awards rendered pursuant to a collective bargaining agreement. It has filed a motion for summary judgment with this Court to confirm and enforce the award. Duct Works subsequently filed a cross motion for summary judgment objecting to the confirmation of the arbitration award.

I. **BACKGROUND**

Duct Works, Inc. ("Duct Works") was a heating, ventilating, and air conditioning contractor operating within the Local 38, Sheet Metal Workers' International Association, AFL-CIO's (the "Union") area. Duct Works and the Union signed a collective bargaining agreement (the "Agreement") on May 23, 2002. A dispute later arose between the parties with regard to Duct Works' obligation to pay benefits contributions to the Union on a monthly basis pursuant to the Agreement. Essentially, the Union argues it is owed benefit contributions on 160 hours of work per month regardless of how many hours are actually worked by Duct Works under the

Agreement. On the contrary, Duct Works argues it is only required to make benefit contributions to the Union for hours actually worked. According to the Union, Duct Works owes the Union a total of $24,033.66 plus interest and fees.

After the nonpayment of financial contributions on the part of Duct Works, the Union brought the dispute to the Local Joint Adjustment Board (the "Board"). The Board met on August 6, 2003, to consider the dispute. Duct Works was not represented at the proceeding. The Board determined that all procedural requirements had been met, that the grievance was timely, and that it was properly before the Board. The Board's found that:

> The Board finds that Duct Works violated Article XII, Sections 2 (paragraph 1 and 4) of the Agreement. Duct Works owes back payments of fringe funds in the amount of $24,033,66 up to July 2003. Interest and penalty for late payment is $1200 which will be held in abeyance if the fund delinquency is paid by August 29, 2003.

Article X, Section 2 of the Agreement allows for an appeal of the Board's decision. Duct Works did not challenge the Award and failed to comply with the decision. Article X, Section 6 of the Agreement states that:

> [I]n the event of non-compliance within the thirty calendar days following the mailing of a decision of a [Board], a local party may enforce the award by any means including the proceedings in a court of competent jurisdiction in accord with applicable state and federal law. If the party seeking to enforce the award prevails in litigation, such party shall be entitled to its costs and actual attorney's fees in addition to such other relief as is directed by the courts.

In addition, Section 7 of Article X states that "[f]ailure to exercise the right of appeal at any step thereof within the time limit provided therefore shall void any right of appeal applicable to the facts and remedies of the grievances involved."

The Union filed a complaint on September 24, 2003, and a motion for summary judgment on May 21, 2004, to confirm and enforce the Board's award. Subsequently, Duct Works filed a cross motion for summary judgment on June 9, 2004, objecting to the Board's award.

## II. MOTIONS FOR SUMMARY JUDGMENT

### A. Standard of Review

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *White v. ABCO Cent't Corp.*, 221 F.3d 293, 300 (2d Cir. 2000); *see also* Fed. R. Civ. P. 56(c). The moving party must show the absence of any issues of material fact. *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997).

### B. The Motions

In its motion for summary judgment, the Union seeks confirmation and enforcement of the arbitration award of $25,233.66 plus contractual attorney's fees, interest, and costs. The Agreement provides that the "party seeking to enforce the award…shall be entitled to costs and attorney's fees in addition to such other relief as directed by the courts" if it prevails in litigation.

Duct Works claims that 1) the award is unenforceable because the it has not "drawn its essence from the agreement" (*Local 1199 v. Brooks Drug Co.*, 956 F.2d 22, 25 (2d Cir. 1992)); 2) there is a six-month statutory right to oppose enforcement of the award (*DelCostello v. IBT*, 462 U.S. 151, 169-70 (1983)) or may object to an arbitration award after the Union moved to confirm the award (*Vilceus v. North River Ins. Co.*, 150 A.D.2d 769 (2d Dep't 1989)); and 3) Mr. Sperber, the owner of Duct Works, was fraudulently induced to sign the Agreement.

The Union replied that 1) Duct Works failed to attack the award within 90 days of its receipt of the award as required in *Local 802, Associated Musicians of Greater New York v. The Parker Meridien Hotel*, 145 F.3d 85 (2d Cir. 1998), and therefore waived any defenses to the

3

award; 2) Duct Works failed to attack the Agreement at the arbitration so it waived defenses to the award; 3) Duct Works failed to raise fraudulent inducement claim as an affirmative defense in its Answer; 4) Duct Works' claim based on *DelCostello* that it possesses a six-month window to object is frivolous; 5) arbitration hearings may proceed without both parties present; and 6) the disputed facts raised by Duct Works are immaterial.

### C. Discussion

#### 1. Statute of Limitations

The Union claims that it is entitled to summary judgment because the affirmative defenses Duct Works has raised in its answer are time-barred. Duct Works disagrees. Duct Works relies on *DelCostello v. IBT*, 462 U.S. 151, 169-70 (1983) for the proposition that objections can be brought once the opposing party moves to enforce the award.

Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, provides federal courts with jurisdiction over complaints filed to confirm labor arbitration awards. However, Section 301 fails to provide a statutory time period during which a petition to confirm or vacate an award must be brought. In *Parker Meridien*, the Court of Appeals held that the statute of limitations for actions filed under Section 301 of the LMRA is the same time limit imposed on actions brought under N.Y.C.P.L.R. § 7511(a). Pursuant to Section 7511(a) of the New York Civil Practice and Law Rules, "an application to vacate or modify an award may be made by a party within ninety days" of delivery of the award. Although federal courts borrow this statute of limitations from state law, in *Parker Meridien*, the Second Circuit specifically rejected the broad interpretation state courts have given Section 7511(a) stating that state courts have allowed defendants, in arbitration award confirmation actions, "to raise affirmative defenses after the ninety-day statute of limitations has expired." *Bevona v. EBM Development Co.*, LTD., 1999

4

U.S. Dist. LEXIS 10526, *5, No. 98-6207, 1999 WL 494116 at *2, (S.D.N.Y. July 13, 1999). According to the Second Circuit, "the New York Courts have placed a gloss on the limitations statute that is inimical to the important federal interest of promoting resolution of labor conflicts quickly and effectively through arbitration." *Parker Meridien*, 145 F.3d at 89.

In *Parker Meridien*, the arbitration panel ultimately issued an award in the union's favor. "Parker Meridien refused to abide by the award, but did not seek to vacate it." *Id*. at 87. In reviewing the district court's decision to grant the petition, the Second Circuit found Parker Meridien's affirmative defenses untimely because the hotel had failed to file a motion to vacate the award within the ninety-day limit. The court held:

> [A] defendant's failure to vacate [an] arbitration award within the prescribed time period for such a motion precludes it from seeking affirmative relief in a subsequent action to enforce the award." This holding is intended to enhance the speed and effectiveness of arbitration, to provide fair review of the arbitrator's decision, and to preclude the losing party from dragging out proceedings in order to dilute the integrity of the arbitration award.

*Id*. at 89 (quoting *Teamsters Local 579 v. B & M Transit, Inc.*, 882 F.2d 274, 276-278 (7th Cir. 1989)) (citations omitted).

Here, Duct Works did not file a motion stay the arbitration, nor did it file a motion to vacate the award within the ninety-day time limit provided in section 7511(a) of the N.Y.C.P.L.R. Instead, Duct Works remained idle as the Union took action to resolve the dispute. While such inaction may not be detrimental in state court, it is fatal to cases brought to federal court under the LMRA. Its reliance on *DelCostello* is unpersuasive since the Second Circuit explicitly applied a ninety-day statute of limitations in *Parker Meridien*. Accordingly, because it has let the ninety-day statute of limitations run, Duct Works is barred from raising its affirmative defenses in opposition to the Union's motion for summary judgment to confirm the award.

**2.    Confirmation and Enforcement of the Award**

5

There exists a "federal policy in favor of enforcing arbitration awards" that is "particularly strong with respect to arbitration of labor disputes." *New York Hotel & Motel Trades Council, AFL-CIO v. Hotel St. George*, 988 F. Supp. 770, 774 (S.D.N.Y. 1997). "The party moving to vacate an arbitration award bears the burden of proof…and the showing required to defeat confirmation is high….The reason for this limited judicial review is to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Id*.

One exception to this general policy is when an arbitration award fails to "draw[] its essence from the collective bargaining agreement." *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960).[1] This inquiry requires a court to determine "whether the arbitrator interpreted an arguably ambiguous contractual provision in light of the intent of the parties, or merely administered his own brand of justice in contradiction of the clearly expressed language of the contract." *Local 1199, Drug, Hosp. & Health Care Employees Union v. Brooks Drug Co.*, 956 F.2d 22, 26 (2d Cir. 1992). In order to satisfy this standard, the arbitrator "need only explicate his reasoning under the contract 'in terms that offer even a barely colorable justification of the outcome reached.'" *In re Marine Pollution Serv.*, 857 F.2d 91, 94 (2d Cir. 1988) (quoting *In Matter of Andros Compania Maritima, S.A. and Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978)). "So long as the award does not directly contradict the express language of the collective bargaining agreement, the award will generally be held to draw its essence from the agreement." *Local Union No. 38, Sheet Metal Workers' Int'l Ass'n v. Hollywood Heating & Cooling, Inc.*, 88 F. Supp. 2d 246, 252 (S.D.N.Y. 2000) (quoting *Local 813, Int'l Brotherhood of Teamsters v. Pioneer Carting Corp.*, 1997 U.S. Dist. LEXIS

---

[1] The second exception to the general federal policy of deference to labor arbitration awards is if the arbitrator was not acting within the scope of her authority. The second exception has not been alleged in this matter.

1469, No. 96 Civ. 1044, 1997 WL 65909. *2 (S.D.N.Y. Feb. 13, 1997).  A court should not reverse an arbitral award that draws its essence from the agreement, even if it contains factual errors or erroneous interpretations of contract provisions.  *See United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 37-38, 108 S. Ct. 364, 370-71, 98 L. Ed. 2d 286 (1987).

The Board in the instant case cited the Agreement when making its decision and concluded that Duct Works violated Article XII, Section 2, Paragraphs 1 and 4.  After finding that the procedural requirements had been met, the grievance was timely, and the matter was properly before the Board for consideration, the Board's decision was as follows:

> The Board finds that Duct Works violated Article XII, Sections [sic] 2 (paragraph[s] 1 and 4) of the Agreement.  Duct Works owes back payments of fringe funds in the amount of $24,033.66 up to July 2003.  Interest and penalty for late payment is $1200 which will be held in abeyance if the fund delinquency is paid by August 29, 2003.

The Board accepted the Union's contention and calculated the amount owed based on an assumption that benefit contribution payments are based on 160 hours per month, regardless of how many hours are worked in any given month.  Duct Works attacks the award as not drawing its essence from the Agreement citing no requirement spelled out anywhere in the Agreement that it had to make benefits contributions on 160 hours per month.  Duct Works also points to another provision in the Agreement, Article XII, Section 2, Paragraph 3, which states: "Contributions, except for vacation, are based upon hours worked."

Although this Court questions the Board's decision, the court adheres to the strong federal policy of deference to arbitration awards.  "But as long as arbitrator is even arguably construing or applying the contract and acting within the scope of his authority," the fact that "a court is convinced he committed serious error does not suffice to overturn his decision." *Misco*, 484 U.S. at 38.  The Board's award "draws its essence from the agreement[,]" *Enterprise Wheel*,

363 U.S. at 597, and is within the scope of the arbitrator's authority. Based on the court's limited discretion in confirming an arbitration award, the award is found to be legally sufficient and is confirmed.

### III. CONCLUSION

Duct Works failed to file a motion to stay or vacate the arbitration award within the 90-day time period as prescribed by Section 7511(a) of the New York Civil Practice and Law Rules. Therefore, Duct Works' time-barred affirmative defenses and objections to the arbitration award are not considered. In its limited discretion in reviewing the award, this Court finds that the Board's award drew its essence from the Agreement.

Based on the foregoing, the award is confirmed and enforced against Duct Works. The Union's motion for summary judgment is hereby GRANTED, and Duct Works' motion for summary judgment is hereby DENIED.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: White Plains, New York
January 4, 2006

Stephen C. Robinson, U.S.D.J.